[No. 22881. Department One. April 16, 1931.]

W. H. NICHOLSON et al., Respondents, v. A. E. BRADO et al., Appellants.[1]

C. J. Henderson and Alfred McBee, for appellants.
Thomas Smith and James G. Smith, for respondents.

PARKER, J.—The plaintiffs, Nicholson and wife, seek recovery of damages claimed by them as the result of the negligent driving by Brado of an automobile for,

[1]Reported in 297 Pac. 1093.

and belonging to, himself and wife. The claimed damages are for injuries to the automobile of the plaintiffs and personal injuries to Mrs. Nicholson, resulting from a collision between the two automobiles. A trial upon the merits in the superior court for Skagit county, sitting with a jury, resulted in a verdict and a judgment rendered thereon awarding to the plaintiffs recovery against the defendants in the sum of $1,105.50, from which they have appealed to this court.

It is contended in behalf of the defendants that the trial court erred in denying their motions for a mistrial, and later for a new trial, which motions were made upon the ground of counsel for the plaintiffs' asking, and Nicholson's answering questions having the effect of informing the jury that the defendants were protected against the claimed damages by liability insurance. The following quotations from the statement of facts constitute the whole basis of this contention:

"Mr. Smith (Counsel for the Plaintiffs): Q. At the time of this collision did you have any conversation with Mr. Brado? A. Yes, sir. Q. What was that conversation? A. Well, we talked about how the accident happened and he didn't seem to hardly be able to say how he hit me. He stated at that time that it was his fault. He says, 'I will call the wrecker to come and get you, and I will make it right with you, I will fix everything up.' Q. Have you ever talked to Mr. Brado since that day? A. Yes, sir. Q. In regard to the collision? A. Yes, sir. Q. Will you state what was said at that conversation? A. Well, the insurance men in town got things tested out and he and I had quite a talk about that. He insisted that he would get things straightened out and have the wreck straightened up. Mr. Henderson (Counsel for the Defendants): I object to this evidence as being irrelevant and immaterial, and ask that the jury be instructed to disregard it. The Court: The jury is instructed to disregard the

statement just made. If you want him to state what Mr. Brado said that is all right if it is in the nature of an admission. Q. Do you recall what Mr. Brado said at that time? A. I have talked to Mr. Brado several times since the wreck; he has always said that he wanted to fix it up and fix it up right, and he never said he was going to fight it. Q. Did he say anything else in those conversations? A. Well, I was talking with him this summer and spoke to him about maybe we would get it settled this summer. He says, 'Isn't that settled yet? I thought that was all settled.' MR. HENDERSON: I object as irrelevant and immaterial. THE COURT: The jury is instructed to disregard the statement. MR. HENDERSON: The defendant at this time asks that in view of the persistence of counsel in presenting a certain line of testimony, the court declare a mistrial and the jury be discharged. THE COURT: The motion will be denied, but the jury is instructed to disregard all the testimony which has been stricken, and these conversations which have been referred to between this witness and Mr. Brado subsequent to the accident are stricken; consequently you will give them no consideration in arriving at your verdict.''

There is nothing in the questions of counsel suggesting liability insurance, unless we can say that by some apparent prearrangement with the witness he was to respond to the questions as he did. The rulings of the court plainly instructed the jury to disregard all conversation between Brado and Nicholson occurring after their conversation at the time of the accident. This was a curing of any error arising from the jury's hearing the answers, if such error was capable of being cured.

Considering the whole of the incident as it is disclosed by the above quotations from the statement of facts, we are of the opinion that we should not decide that counsel for the plaintiffs wilfully injected into the

case any suggestion of liability insurance protecting the defendants, and that the prejudicial effect of the witness's answers, which might be construed as suggesting liability insurance protecting the defendants, was such as could be and was effectually cured by the court's plain instructions to the jury. We deem it unnecessary to review our many decisions touching questions of this nature. We think none of them is in conflict with the conclusion we here reach. In this case, we think this question was one to be determined by the trial court largely as a matter of discretion. We are unable to say that that discretion was abused.

It is contended in behalf of the defendants that the trial court erred in admitting evidence of Mrs. Nicholson's physical condition, as the result of the accident, after the commencing of the action. The action was commenced about three months after the occurring of the accident, and the trial, for some reason not here appearing, did not occur until approximately one year after the commencement of the action. The testimony showed the nature and extent of Mrs. Nicholson's injuries, as they appeared immediately following and up to the time of the commencement of this action, and also as they appeared thereafter up to near the time of the trial. The latter is what was objected to, and what the court permitted to go to the jury over the objections. There was no claim in the complaint or otherwise for any loss of time by Mrs. Nicholson from her household or other duties. In other words, there was no claim for loss of her earning power.

Notwithstanding that was not an issue in the case, it seems to us that this testimony was admissible as further bearing upon the nature and extent of her injuries occasioned by the accident and became a matter of proper inquiry as bearing upon the nature and extent of her injuries. 17 C. J. 1028.

Contention is made that the award of the verdict and judgment is excessive and not warranted by the evidence. We deem it sufficient to say that we are of the opinion that it cannot be so decided by us.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.